## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Xuansong Kang,<br><br>            Plaintiff,<br><br>      v.<br><br>Citibank, N.A., Experian Information Solutions, Inc., Trans Union, LLC and Equifax Information Services, LLC,<br><br>            Defendants. | Civil Action No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Xuansong Kang ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Citibank, N.A., ("*Citibank*" or *"Furnisher Defendant"*), Experian Information Solutions, Inc. ("*Experian*"), Equifax Information Services, LLC ("*Equifax*") and Trans Union. LLC ("*Trans Union*") (Experian, Equifax and Trans Union are hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants are collectively referred to as "*Defendants*") as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. §1681 *et seq.*

2.     This action seeks relief against CRA Defendants for reporting

inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a).

3.     This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b), for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4.     Plaintiff seeks an order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors.

6.     Plaintiff seeks to recover monetary damages for Defendants' violations

of the FCRA and to have an order issued by this court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

7.      Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the vents or omissions giving rise to the claims asserted occurred here.

## PARTIES

9.      Plaintiff Xuansong Kang is an adult who is a citizen of the State of New Jersey residing in Morris County.

10.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11.      Defendant Citibank is a "furnisher of information" as that term is defined by 15 U.S.C. § 1681s-2(b).

12.      Defendant Citibank is a national banking association and subsidiary of Citicorp, which is a subsidiary of Citigroup, Inc.

13.      Defendant Citibank's principal place of business is located at 701 East 60th Street North, Sioux Falls, South Dakota 57104 and is registered to do business in the State of New York and may be served with process on its registered agent located at 399 Park Avenue, New York City, New York 10043.

14.     Defendant Equifax is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

15.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York.

16.     Defendant Equifax by contractual agreement, dispersed consumer background reports for remuneration to third parties.

17.     Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f), that regularly conducts business in this judicial district.

18.     Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626 and is registered to do business in the State of New York.

19.     Defendant Experian by contractual agreement, dispersed consumer background reports for remuneration to third parties.

20.     Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

21.     Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

22.     Defendant Trans Union by contractual agreement, dispersed consumer

background reports for remuneration to third parties.

## **SUBSTANTIVE ALLEGATIONS OF FCRA**

23.     Congress enacted § 1681 *et seq.* of Title 15 of the United States Code,

which § 1681(a) which states as follows:

(1)     The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)     An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)     Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)     There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

24.     FCRA mandates that CRAs adhere to the following duties: (i) to assure

maximum possible accuracy of information when preparing consumer reports and

to set up reasonable policies procedures to maintain compliance with this minimum

reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding

a dispute by consumers and to appropriately and timely correct any inaccuracies,

including by quickly notifying the furnisher and any other parties in the distribution

chain of the disputed inaccuracies.

25.     CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

26.     Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

27.     Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

28.     On or around April 27, 2013, Plaintiff opened a credit account with Citibank.

29.     Plaintiff made consistent payments, but due to financial difficulties, the account became delinquent and was eventually charged off.

30.      On a date better known by the Defendants, Citibank voluntarily cancelled and forgave Plaintiff's entire debt on this account.

31.     This cancellation of debt was conveyed in at least one phone call made

to Citibank where they confirmed that the outstanding debt was discharged and cancelled.

32. On or about April 7, 2022, Citibank memorialized the cancellation of the $1,372.72 principal debt by issuing a 1099-C to Plaintiff.

33. A copy of the 1099-C is annexed hereto as **Exhibit A.**

34. The 1099-C Plaintiff received lists the identifiable event code "G".

35. Pursuant to the Identifiable Revenue Service's (IRS") instructions for Form 1099-C (https://www.irs.gov/pub/irs-pdf/i1099ac.pdf), identifiable event codes are used to report the nature of the discharge.

36. The instructions on the Identifiable event code "G" are defined as "A discharge of indebtedness because of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt. A creditor's defined policy can be in writing or an established business practice of the creditor. A creditor's established practice to stop collection activity and abandon a debt when a particular nonpayment period expires is a defined policy."

37. Upon information and belief, Citibank voluntarily disposed of their right to collect $1,372.72 on the Citibank account, when they chose to forgive that balance of the debt owed by Plaintiff.

38. Upon information and belief, Citibank obtained a tax benefit for issuing the 1099-C.

39.     Plaintiff included the discharged debt as part of his additional income when he filed his 2022 taxes.

40.     Plaintiff received a detriment by having to include the 1099-C issued as income on his tax return.

41.     Despite the cancellation of debt and corresponding 1099-C, Citibank continued to report the Account with an outstanding balance of $1,841 and past due amount of $1,634 on Plaintiff's credit report with CRA Defendants.

42.     To correct his credit report, Plaintiff caused a dispute letter to be sent to CRA Defendants via certified mail (the "*FCRA dispute letter*").

43.     The FCRA dispute letter informed CRA Defendants of the debt cancellation and requested that the Citibank account tradeline be updated accordingly.

44.     Plaintiff's FCRA dispute letter also included a copy of the 1099-C (Exhibit A).

45.     Based upon United States Postal Service tracking information, CRA Defendants received the FCRA dispute letter on March 7, 2023.

46.     Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to Citibank, within five business days of receipt of same, as required by the FCRA.

47.     Upon information and belief, Citibank received the notice of dispute

and all relevant information from CRA Defendants of Plaintiff's FCRA dispute letter.

48.    Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the debt having an outstanding balance of $1,841 which is inaccurate and misleading.

49.    Since Citibank canceled the outstanding debt $1,372, the account should have reflected a balance of $0 or at a minimum, the balance between the amount memorialized in the 1099-C.

50.    Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

51.    Had Defendants performed a reasonable investigation, the account at issue would have been modified to reflect a $0 balance and $0 past due amount or the tradeline would have been deleted entirely.

52.    In recorded phone calls with Citibank, they confirm that the balance was discharged and that the issuance of the 1099-C was not merely for IRS purposes.

53.    As such, Citibank failed to perform a reasonable investigation when they received the FCRA dispute letter and merely did a cursory review of their internal computer system and verified inaccurate data as correct.

54.    Alternatively, and upon information and belief, CRA Defendants failed

to provide Citibank with the notice of dispute and all relevant information.

55.    Alternatively, and upon information and belief, Citibank provided CRA Defendants with the correct information and directives regarding the Citibank account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

56.    As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

57.    As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third party prospective creditors.

## <u>FIRST COUNT</u>
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).**

58.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59.    CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum

possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

60.    Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

61.    At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background report but CRA's failed to do so.

62.    Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

63.    In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

64.    Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

65.    Plaintiff disputed the inaccurate information and CRA Defendants

recklessly failed to perform a reasonable investigation to remove the inaccurate information.

66. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

67. As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

68. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

69. CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

70. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

71. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND COUNT
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.***

72.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

74.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

75.     CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

76.     CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

77.     CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

78.     CRA Defendants never: (i) contacted Plaintiff to follow up on, verify

and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

79.    As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

80.    CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.    In the alternative, CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

82.    For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## THIRD COUNT
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

83.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

84.   At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

85.   Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

86.   Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

87.   FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

88.     On each occasion referenced in the above statement of facts where a dispute was sent to the CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

89.     Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

90.     Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

91.     Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

92.     Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

93.     Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that

Plaintiff disputed.

94.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

95.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

96.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

97.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

98.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

99.    Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

100.   Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit

reporting agencies.

101.   Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

102.   Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies,

103.   Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

104.   Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

105.   Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106.   Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

107.   For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive

damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

108.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a   Adjudging that Defendants actions violated the FCRA;

b   An order enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

c   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

f   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g   Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law; and

h   Such other and further relief as the Court determines is just and proper.

DATED:      August 2, 2023

> **SANDERS LAW GROUP**
>
> By:  _/s/ Craig B. Sanders_
> Craig B. Sanders, Esq.
> 333 Earle Ovington Blvd, Suite 402
> Uniondale, NY 11553
> Office: (516) 203-7600
> Email: csanders@sanderslaw.group
>
> _Attorneys for Plaintiff_
> Our File No.: 127890